IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROSS LAMAR WILLIAMS,

    Petitioner,

vs.                                                    Case No. 4:13cv46-MW/CAS

MICHAEL D. CREWS,[1]

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

Petitioner Ross Lamar Williams, proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner has paid the filing fee. Doc. 2.

Petitioner is currently incarcerated at the Union Correctional Institution in Raiford, Florida, which is located in the Middle District of Florida. Doc. 1; *see* 28 U.S.C. § 89(b). Petitioner challenges a judgment and sentence entered on August 2, 2005, by the Seventeenth Judicial Circuit, Broward County, Florida, following a jury trial. Doc. 1. Broward County is located in the Southern District of Florida. *See* 28 U.S.C. § 89(c).

---

[1]The Clerk of Court shall substitute Michael D. Crews as Secretary of the Florida Department of Corrections in place of Kenneth Tucker. Michael Crews became Secretary on December 17, 2012, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

Jurisdiction is appropriate in the district of confinement and the district of conviction. 28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district where he was convicted and sentenced or in district where he is incarcerated). Because Petitioner is not incarcerated in this district and does not challenge the judgment of a state court located in this district, jurisdiction is not appropriate here.

Jurisdiction is appropriate in either the United States District Court for the Middle District of Florida, where Petitioner is incarcerated, or the United States District Court for the Southern District of Florida, the district of conviction. *See id.* (Notably, Petitioner indicated "Middle District" on his petition; however, he filed it in the Northern District. Doc. 1.) The district of conviction appears the most convenient. *See, e.g.*, Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992) (explaining that courts "should avoid the temptation to transfer habeas petitions without giving careful consideration to the convenience of witnesses"). Accordingly, it is respectfully **RECOMMENDED** that the case file be **TRANSFERRED** to the United States District Court for the Southern District of Florida.

**IN CHAMBERS** at Tallahassee, Florida, on March 26, 2013.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:13cv46-MW/CAS